UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| ELIJAH REID, | ) |
| Plaintiff, | ) ) ) |
| v. | ) 18-CV-1058 |
| C/O WILLSON, et al., | ) ) ) ) |
| Defendants. | ) |

## MERIT REVIEW OPINION

**SUE E. MYERSCOUGH, U.S. District Judge.**

Plaintiff proceeds pro se from his incarceration in Pontiac Correctional Center. His Complaint is before the Court for a merit review pursuant to 28 U.S.C. § 1915A. This section requires the Court to identify cognizable claims stated by the Complaint or dismiss claims that are not cognizable.[1] In reviewing the complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor and taking Plaintiff's pro se status into account. <u>Turley v. Rednour</u>, 729 F.3d 645, 649 (7th Cir.

---

[1] A prisoner who has had three prior actions dismissed for failure to state a claim or as frivolous or malicious can no longer proceed in forma pauperis unless the prisoner is under "imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "'state a claim for relief that is plausible on its face.'" Alexander v. U.S., 721 F.3d 418, 422 (7th Cir. 2013)(quoted cite omitted).

Plaintiff alleges that he has been placed on a "black ball list" in retaliation for a prior lawsuit and grievances he has filed. This means that he has been subjected to various retaliatory acts including the withholding of medical attention and medicine, excessive force, inhumane conditions of confinement in the prison yard, and reduced visiting hours. He may also be alleging that these adverse actions are racially motivated because Defendants repeatedly call Plaintiff a racial epithet.

Plaintiff states a plausible First Amendment retaliation claim and a Fourteenth Amendment equal protection claim. Several of the alleged adverse actions that form the basis of the retaliation claim also state independent constitutional claims: excessive force, failure to intervene to stop excessive force,[2] deliberate indifference to serious medical needs, and inhumane conditions in the prison

---

[2] Whether Plaintiff seeks to pursue a failure to intervene claim is unclear.

yard.  The Court cannot rule out Plaintiff's supplemental state law claims for the intentional infliction of emotional distress and assault/battery.

However, Plaintiff's allegations that Defendants Simpson and Cox failed to return or improperly handled Plaintiff's grievances do not state a claim. <u>Antonelli v. Sheahan</u>, 81 F.3d 1422, 1430  (7th Cir. 1996)(no constitutional right to prison grievance procedure); <u>George v. Smith</u>, 507 F.3d 605, 609-10 (7th Cir. 2007) ("Only persons who cause or participate in the violations are responsible. Ruling against a prisoner on an administrative complaint does not cause or contribute to the violation.").  An inmate does not need to access the grievance procedure in order to access the courts. Similarly, the failure to properly investigate Plaintiff's allegations does not state a claim, nor does the failure to accept Plaintiff's version of events.  See <u>Whitlock v. Brueggemann</u>, 682 F.3d 567, 589 (7th Cir. 2012)("There is no affirmative duty on police to investigate."); <u>Soderbeck v. Burnett County</u>, 752 F.2d 285, 293 (7th Cir. 1985)("Failure to take corrective action cannot in and of itself violate section 1983. Otherwise the action of an inferior officer would automatically be attributed up the line to his highest

superior . . . ."). Defendant Warden Melvin cannot be held liable solely because he is in charge. Chavez v. Illinois State Police, 251 F.3d 612, 651 (7th Cir. 2001)(no respondeat superior liability under § 1983).

**IT IS THEREFORE ORDERED:**

1) Plaintiff's motion to filed an amended complaint is granted. (d/e 5.) **The clerk is directed to separately docket the amended complaint.**

2) Pursuant to its merit review of the amended complaint under 28 U.S.C. § 1915A, the Court finds that Plaintiff states the following federal constitutional claims: First Amendment retaliation; Fourteenth Amendment equal protection; Eighth Amendment excessive force and failure to intervene to stop excessive force; Eighth Amendment deliberate indifference to serious medical needs; and Eighth Amendment inhumane conditions in the prison yard. Also proceeding are Plaintiff's supplemental state law claims for the intentional infliction of emotional distress and assault/battery.

3) This case proceeds solely on the claims identified paragraph 2 above. Any additional claims shall not be included in the case, except at the Court's discretion on motion by a party for

good cause shown or pursuant to Federal Rule of Civil Procedure 15.

    4)     Defendants "internal affairs officer," Warden Melvin, Heather Cox, and Simpson are dismissed without prejudice for failure to state a claim.

    5)     This case is now in the process of service. Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions, in order to give Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time, unless otherwise directed by the Court.

    6)     The Court will attempt service on Defendants by mailing each Defendant a waiver of service. Defendants have 60 days from the date the waiver is sent to file an Answer. If Defendants have not filed Answers or appeared through counsel within 90 days of the entry of this order, Plaintiff may file a motion requesting the status of service. After Defendants have been served, the Court will enter an order setting discovery and dispositive motion deadlines.

7) With respect to a Defendant who no longer works at the address provided by Plaintiff, the entity for whom that Defendant worked while at that address shall provide to the Clerk said Defendant's current work address, or, if not known, said Defendant's forwarding address. This information shall be used only for effectuating service.  Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

8) Defendants shall file an answer within 60 days of the date the waiver is sent by the Clerk.  A motion to dismiss is not an answer.  The answer should include all defenses appropriate under the Federal Rules.  The answer and subsequent pleadings shall be to the issues and claims stated in this Opinion.  In general, an answer sets forth Defendants' positions.  The Court does not rule on the merits of those positions unless and until a motion is filed by Defendants.  Therefore, no response to the answer is necessary or will be considered.

9) This District uses electronic filing, which means that, after Defense counsel has filed an appearance, Defense counsel will automatically receive electronic notice of any motion or other paper

filed by Plaintiff with the Clerk.  Plaintiff does not need to mail to Defense counsel copies of motions and other papers that Plaintiff has filed with the Clerk.  However, this does not apply to discovery requests and responses.  Discovery requests and responses are not filed with the Clerk.  Plaintiff must mail his discovery requests and responses directly to Defendants' counsel.  Discovery requests or responses sent to the Clerk will be returned unfiled, unless they are attached to and the subject of a motion to compel.  Discovery does not begin until Defense counsel has filed an appearance and the Court has entered a scheduling order, which will explain the discovery process in more detail.

     10)   Counsel for Defendants is hereby granted leave to depose Plaintiff at his place of confinement. Counsel for Defendants shall arrange the time for the deposition.

     11)   Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number.  Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

12) If a Defendants fails to sign and return a waiver of service to the clerk within 30 days after the waiver is sent, the Court will take appropriate steps to effect formal service through the U.S. Marshal's service on that Defendant and will require that Defendant to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).

13) Within 10 days of receiving from Defendants' counsel an authorization to release medical records, Plaintiff is directed to sign and return the authorization to Defendants' counsel.

14) **Plaintiff's motions for the Court to appoint counsel is denied (4, 6),** with leave to renew after Plaintiff demonstrates that he has made reasonable efforts to find counsel on his own. Pruitt v. Mote, 503 F.3d 647, 654-55 (7th Cir. 2007). This typically requires writing to several lawyers and attaching the responses. Plaintiff attaches responses from lawyers, but those responses appear to relate to Plaintiff's other cases because the responses are dated before the incidents in this case occurred.

15) **The clerk is directed to terminate "internal affairs officer," Warden Melvin, Heather Cox, and Simpson**.

16) **The clerk is directed to enter the standard order granting Plaintiff's in forma pauperis petition and assessing an initial partial filing fee, if not already done, and to attempt service on Defendants pursuant to the standard procedures.**

17) **The Clerk is directed to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.**

ENTERED: April 4, 2018

FOR THE COURT:

    s/Sue E. Myerscough<br>
SUE E. MYERSCOUGH<br>
UNITED STATES DISTRICT JUDGE